ABOY, VIDAL & Co., INC., Plaintiff and Appellee, v. COMPAÑÍA INTERURBANA DE PUERTO RICO, Defendant and Appellant.

No. 4147. Argued April 12, 1928.—Decided April 5, 1929.

Coll y Cuchí & Cruzado Silva for the appellant. J. Valldejuli Rodríguez for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

José V. Toste, at one time treasurer of the defendant corporation, was permitted to testify as a witness for plaintiff, over objection of defendant, that during the period of his incumbency Vicente M. Alcaraz was general manager.

The ground of the objection was that a resolution of the board of directors would have been the better evidence. Alcaraz later testified to the same effect, without objection on the part of defendant, and referred to a written agreement which was subsequently introduced in evidence, likewise without objection by defendant. In the circumstances the error, if any, in admitting the statement of Toste would not justify a reversal.

Other contentions are in substance that the court below erred in admitting in evidence the two promissory notes described in the complaint; in holding that the manner in which the said notes were executed and signed made them the notes of defendant; in holding that the debts referred to in the complaint were the debts of defendant and that Alcaraz, by the manner in which he signed, obligated defendant; and in rendering judgment for plaintiff including an award of costs.

In September, 1924, Vicente M. Alcaraz was the owner of two public service motor vehicles engaged in the transportation of passengers between San Juan and Martín Peña and between San Juan and Borinquen Park. He was indebted to various firms, corporations and individuals to the amount of some five thousand five hundred dollars ($5,500). By the terms of a written contract with La Compañía Interurbana de Puerto Rico, Inc., he sold and delivered to the company his vehicles and franchises and became its general manager. He was to receive a salary of two hundred dollars per month during the first year, and thereafter such compensation as might be agreed upon between him and the president of the corporation. As such general manager he was to exercise authority and discretion in his management of the business, was to do whatever might be necessary to carry it on, was to be the highest official of the corporation subject only to instructions given by the president and, together with the treasurer, was to sign all the checks and documents of the said corporation.

The consideration for this sale was ten thousand five hundred dollars, five thousand of which was paid in stock and the balance of five thousand five hundred dollars was retained by the company for the purpose of paying the outstanding obligations of Alcaraz, which were assumed by the company.

The purchase of these motor vehicles was well within the purposes for which La Compañía Interurbana was organized. Defendant was expressly authorized by its articles of incorporation to draw, accept, guarantee, endorse, or otherwise negotiate or protest bills of exchange, promissory notes, due bills, securities, bills of lading and every other kind of document.

The notes were signed Compañía Interurbana de P. R., per V. M. Alcaraz, General Manager. Some sort of a seal was affixed. A witness for defendant says it was the seal of the general manager, not the seal of the corporation. The trial judge found that the seal used in executing the contract between Alcaraz and the company, the authenticity of which is not questioned by defendant, was identical with that used in executing the promissory notes. There is nothing to show that the attention of the trial judge was specifically drawn to the question as to whether or not the seal affixed by the general manager was the seal of the corporation. The original documents are not before us. In the circumstances we are not prepared to say that the notes were improperly admitted in evidence, or erroneously held to be binding on the corporation, upon the theory that the corporate seal was not affixed. By this we do not mean to hold or to imply that in the peculiar circumstances of this particular case the use of a corporate seal was required.

At the time the notes were executed plaintiffs had in their possession a copy of the contract between Alcaraz and the corporation. There was testimony tending to show that the president of the corporation was absent from the Island but had left a personal representative and that after consultation

with this personal representative the notes in question were signed in his office, at his desk, and in his presence.

Two days after the complaint herein was filed the president of the corporation, acting as attorney for defendant, stated in a letter to plaintiffs that his client had never denied its indebtedness to plaintiffs, but had agreed with counsel for plaintiffs that a judgment might be entered in their favor, upon the understanding that such judgment would be paid in monthly instalments. The purpose of this letter was to explain why this agreement had not been carried out. There was direct testimony to the effect that the indebtedness represented by the notes was one of the obligations assumed by defendant in its contract with Alcaraz, and the evidence as a whole leaves no room for doubt upon this point. The court, then, did not err in holding that the debts referred to in the complaint were the debts of defendant.

The question of costs was not separately discussed in the brief and we find no abuse of discretion in imposing them.

The judgment appealed from will be affirmed.